UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARBONELLA & DESARBO INC., <br>        Plaintiff, <br><br> v. <br><br> C LIBERATORE LLC <br> and CARMINE L. LIBERATORE, JR., <br>        Defendants. | No. 3:23-cv-1094 (SRU) |

### TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Plaintiff Carbonella & Desarbo Inc. ("Carbonella") has filed an *ex-parte* motion for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b). Fed. R. Civ. P. 65(b). Carbonella has filed its motion for a TRO in connection with its action brought pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, *et seq*., against defendants C Liberatore LLC ("Liberatore"), a limited liability company, and Carmine L. Liberatore, Jr. ("Carmine"), Liberatore's principal. In its motion for a TRO, Carbonella seeks an order enforcing a statutory trust established by PACA, to which Carbonella is a beneficiary. For the reasons set forth below, Carbonella's motion for a TRO, doc. no. 5, is **granted**. The defendants are **ordered to show cause** by **August 30, 2023** why the relief sought in Carbonella's motion for a preliminary injunction, doc. no. 6, should not be granted.

**I.    Standard of Review**

Pursuant to Federal Rule of Civil Procedure 65(b), a court may grant a temporary restraining order without prior notice to the adverse party when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

>    (B) the movant's attorney certifies in writing any efforts made to give
>    notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). "A party seeking a preliminary injunction must demonstrate '(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.'" *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)).

## II.     Discussion

Carbonella alleges that "[b]etween October 31, 2022 and January 9, 2023," it sold and delivered $141,517.25 worth of produce to the defendants. Doc. No. 1 at ¶¶ 8-9. Carbonella further alleges that the defendants did not pay for the produce, despite Carbonella issuing invoices to the defendants. *Id*. at ¶¶ 11, 13; *see also* 7 U.S.C. § 499(c)(4). Carbonella alleges that pursuant to PACA, "[a]t the time of Defendants' receipt of the Produce," Carbonella "became a beneficiary in a statutory trust designed to assure payment to produce suppliers." *Id.* at ¶ 12; *see also* Doc. No. 5-1 at 3-4. In mid-April, the defendants allegedly "acknowledged lacking sufficient liquidity" to pay Carbonella. Doc. No. 1 at ¶ 14.

In support of its *ex-part*e motion for a TRO, Carbonella submits several exhibits, including a declaration of Carbonella's general manager, Maria DeSarbo ("DeSarbo"). Doc. No. 5-2 at ¶ 1. DeSarbo states that "Carbonella is in the business of buying and selling wholesale quantities" of produce and is a dealer of produce under PACA. *Id.* at ¶ 3; *see also* Ex. A, Doc.

No. 5-3. Liberatore is a Connecticut-based limited liability company that is "licensed under PACA as a dealer" of produce. Doc. No. 5-2 at ¶ 4; *see also* Ex. B, Doc. No. 5-4. Carmine owns and operates Liberatore. Doc. No. 5-2 at ¶ 5. DeSarbo submits that "[b]etween October 31, 2022 and January 9, 2023, Carbonella sold to Defendants produce" moved in interstate commerce with an agreed-upon "value of more than $150,000.00." Doc. No. 5-2 at ¶ 8; *see also* Ex. C, Doc. No. 5-5 at 2 (calculation of Libertore's trust debt). The defendants paid in part for the produce, and according to DeSarbo, the defendants "presently owe Carbonella the principal amount of $141,517.25." Doc. No. 5-2 at ¶ 8.; *see also* Ex. C, Doc. No. 5-5 at 3-38 (showing invoices including notation reflecting partial payment). DeSarbo states that the defendants "accepted the produce." Doc. No. 5-2 at ¶ 9; *see also* Ex. C, Doc. No. 5-5 at 3-38. Furthermore, DeSarbo submits that Carbonella "preserved its interest in the PACA trust in the amount of $141,517.25 by timely delivering invoices to defendants which contained the language required under Section 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4)." Doc. No. 5-2 at ¶ 10.

      DeSarbo further declares that despite efforts to communicate with Carmine and obtain payment for the produce, the defendants only paid "small amounts here and there," and "[b]y mid-April," ceased payments altogether. *Id*. at ¶ 11. DeSarbo subsequently spoke to Carmine by phone, who informed her that "he did not have enough cash on hand to pay Carbonella." *Id*. at ¶ 11. DeSarbo submits that she continued attempts to obtain payments, until eventually Carmine "stopped answering [her] calls." *Id*. at ¶ 12. DeSarbo states that she has heard "through third parties that Carmine has remarried, bought a new home and fancy cars." *Id*. Based on that information, DeSarbo has concluded that the "defendants have failed to maintain sufficient assets in the statutory trust and have dissipated and will continue to dissipate trust assets belonging to" Carbonella. *Id*. at ¶ 13.

Based on Carbonella's submissions, including DeSarba's declaration, doc. no. 5-2; Carbonella's exhibits confirming DeSarba's accounting of the relevant transactions, doc. no. 5-3; doc. no. 5-4; doc. no. 5-5; and counsel's certification in support of the plaintiff's emergency motions, doc. no. 5-6; I conclude that Carbonella will suffer "immediate and irreparable injury, loss, or damage . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Specifically, Carbonella will suffer that injury due to the defendants' dissipation of assets in the PACA trust. *See* 7 U.S.C. § 499e(c). In the absence of the granting of Carbonella's requested injunction, Carbonella will continue to suffer such an injury.

In addition, I conclude that providing notice to the defendants of the requested injunction "will threaten further dissipation of trust assets." *Farm Fresh First v. Cheribundi, Inc.*, 2023 WL 2895901, at *2 (D. Conn. Mar. 6, 2023); *see SV Produce, Inc. v. Glatt Kosher Kingdom Ltd.*, 2009 U.S. Dist. LEXIS 25424, *2 (S.D.N.Y. Mar. 26, 2009); *see also* 7 U.S.C. § 499e(c)(5) ("The several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust."); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) ("The legislative history [of PACA] noted that once the trust is dissipated it is almost impossible for a beneficiary to obtain recovery. Congress recognized that dissipation of trust assets would undermine PACA and made such dissipation a violation of the statute.") (citing H. Rep. No. 543, 98th Cong., 2d Sess. 4, *reprinted in* 1984 U.S. Code Cong. & Admin. News 405, 411).

### III.   Conclusion

For the foregoing reasons, it is **hereby ordered** that:

Defendants C Liberatore LLC and Carmine L. Liberatore, Jr., as well as their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, who receive actual notice of this Order, **are temporarily restrained** from the transfer of any and all assets of defendant C Liberato LLC, up to the principal amount of $141,517.25, plus accrued interest and attorneys' fees, except for payment to the plaintiff, pending either payment to the plaintiff by bank check or wire transfer of the principal amount of $141,517.25, plus accrued interest and attorneys' fees, or a further hearing to be set within fourteen days of the issuance of this Order.

In the event C Liberatore LLC fails to pay to the plaintiff the PACA amount due within two business days of service of this Order, the defendants are **ordered** to account for C Liberatore LLC's assets impressed with the trust pursuant to the provisions of PACA by filing with this Court, with a copy to the plaintiff's counsel, an accounting which identifies C Liberatore LLC's assets and liabilities and its accounts receivable reports signed under penalty of perjury. Furthermore, the defendants **shall supply** to the plaintiff's counsel, within five days of the date of this Order, any and all documents in their possession, custody, or control related to C Liberatore LLC's current assets and liabilities and those of its related and subsidiary companies including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns and bank statements with cancelled checks for the last 90 days.

Bond shall be waived in light of the defendants' possession of $141,517.25 of the plaintiff's assets.

Service of a copy of this Order and the papers upon which it is based, together with the summons and complaint, shall be made by personal service upon the defendants on or before August 23, 2023.

The defendants are **ordered to show cause** why the preliminary injunction should not issue by filing their opposition papers to the plaintiff's motion for preliminary injunction, doc. no. 6, on or before **August 30, 2023**.

A hearing on the plaintiff's motion for preliminary injunction is scheduled before this Court in Courtroom One, 915 Lafayette Blvd., Bridgeport, Connecticut, on **September 5, 2023, at 10:00 AM**.

So ordered.

Dated at Bridgeport, Connecticut, this 21st day of August 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge