### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARBONELLA & DESARBO INC. and S. KATZMAN PRODUCE INC., <br><br> Plaintiffs, <br><br> - against - <br><br> C LIBERATORE LLC, CARMINE L. LIBERATORE, JR. and CORTNEY M. DUGAY a/k/a CORTNEY LIBERATORE, <br><br> Defendants. | Case No. 3:23-cv-1094 (SRU) <br><br><br><br><br> October **6,** 2023 |

### OMNIBUS STIPULATION AND CONSENT INJUNCTION

Plaintiffs Carbonella & DeSarbo Inc. ("Carbonella") and S. Katzman Produce Inc.

("Katzman") (Carbonella and Katzman collectively, "Plaintiffs") and defendants C Liberatore LLC

("Liberatore"), Carmine L. Liberatore, Jr. ("Carmine Liberatore") and Cortney M. Dugay also

known as Cortney Liberatore ("Dugay") (Liberatore, Carmine Liberatore and Dugay collectively,

"Defendants"; Liberatore and Carmine Liberatore collectively, "Liberatore Defendants"; Carmine

Liberatore and Dugay collectively "Individual Defendants"),  (Plaintiffs and Defendants

collectively, the "Parties"), by and through their respective undersigned attorneys agree and

stipulate to the following:

### RECITALS

I.      Establishment of PACA Trust Claims Against Defendants

A.      Between October 31, 2022 and January 9, 2023, Carbonella sold and delivered to

Liberatore wholesale quantities of perishable agricultural commodities ("Produce") having an

agreed upon principal value of $141,517.25.

B.      Between July 20, 2023 and August 25, 2023, Katzman sold and delivered to Liberatore wholesale quantities of Produce having an agreed upon principal value of $283,736.25.

C.      Between June 2, 2022 and October 13, 2022, non-party John Molinelli Inc. ("Molinelli") sold and delivered to Liberatore wholesale quantities of Produce having an agreed upon principal value of $172,363.50.

D.      Between September 30, 2022 and October 20, 2022, non-party Jerry Shulman Produce Shipper Inc. ("Shulman") sold and delivered to Liberatore wholesale quantities of Produce having an agreed upon principal value of $26,903.50.

E.      Between July 3, 2023 and July 29, 2023, non-party Northeast Produce Inc. ("Northeast") sold and delivered to Liberatore wholesale quantities of Produce having an agreed upon principal value of $29,083.00.  (Carbonella, Katzman, Molinelli, Shulman and Northeast collectively, the "PACA Creditors").

F.      Each of the PACA Creditors is subject to, and was at all relevant times licensed as a dealer under, the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA").

G.      All the Produce PACA Creditors delivered to Liberatore was shipped in interstate or international commerce.

H.      Each of the PACA Creditors timely preserved its respective statutory trust rights under PACA for all the Produce it delivered to Defendants by sending invoices to Defendants which included the language set forth in 7 U.S.C. § 499e(c)(4).

I.      Liberatore was licensed under PACA as a dealer as that term is defined at 7 C.F.R. § 46.2(m) at all relevant times herein.

J.      Carmine Liberatore is and was the principal, officer and equity holder of Liberatore and is and was in a position of control over the PACA trust assets in Liberatore's possession.

K.      Liberatore has  failed to make payment to the PACA Creditors for all the Produce it received on the terms it agreed to and presently owes PACA Creditors the aggregate principal amount of $653,603.50, plus accrued interest and attorneys' fees as applicable.

L.      Liberatore Defendants have represented to Plaintiffs that there are no other produce suppliers that preserved their PACA trust rights against Liberatore Defendants or otherwise hold an interest in PACA trust assets in Liberatore Defendants' possession.

## II.      Description of PACA Trust *Res*

M.      At all relevant times, Liberatore maintained four savings and checking accounts at Webster Bank, N.A. ("Webster Bank") consisting of accounts ending in 3523, 4005, 3380 and 3627 (the "Webster Accounts").  The funds Liberatore maintains in the Webster Accounts consists of proceeds from the sale of Produce or funds that were comingled with proceeds from the sale of Produce.  As of the date of this Stipulation, there is not less than $61,091.94 in the Webster Accounts.

N.      Liberatore Defendants are currently holding checks and other funds given to Liberatore Defendants in full or partial payment for Liberatore's sale of Produce to its customers (the "Payments").  As of the date of this Stipulation, the Payments total not less than $243,897.31, subject to the checks tendered to Liberatore Defendants clearing.

O.      Liberatore Defendants hold free and clear title to the following vehicles: (1) one Chevrolet Express Cargo Van, VIN 1GCHG39U371251279; (2) one Ford Econoline Commercial Cutaway, VIN 1FDWE3FLXDDB03256; (3) one 2009 International 4000 Series Truck, VIN 1HTMSAAR99H052405; and ($) one 1994 Freightliner Truck, VIN 1FVGHLBB9RL753710 (collectively, the "Vehicles").  The purchase price of each of the Vehicles, and all payments made in full or partial satisfaction of any loans made in connection with the purchase of the Vehicles, was

paid with proceeds from the sale of Produce.

P.     Liberatore has receivables from the sale of Produce, presently estimated to be in an amount of $90,000.00 (the "Receivables").

Q.     The Webster Accounts, Payments, Vehicles and Receivables, in addition to any other proceeds from the sale of Produce or assets acquired with proceeds from the sale of Produce (collectively, the "PACA Trust Assets") are subject to the trust established by 7 U.S.C. § 499c and are held by Liberatore Defendants for the PACA Creditors' benefit.

R.     Carmine Liberatore owns a 2018 Volvo S90, VIN LVY992ML9JP006829 (the "Volvo").

S.     Pursuant to PACA and cases interpreting it, a single trust exists for the benefit of Liberatore's unpaid Produce suppliers, and each of Liberatore's produce suppliers having a valid PACA trust claim is entitled to a *pro rata* distribution of all PACA Trust Assets, up to the amount of the respective PACA Creditor's PACA trust claim.

III.     Procedural History of Case

T.     On August 17, 2023, Carbonella commenced this action against the Liberatore Defendants seeking to enforce its PACA trust rights and asserting other commercial causes of action. At the same time, Carbonella moved the Court for a temporary restraining order and preliminary injunction order enjoining and restraining the Liberatore Defendants from dissipating PACA trust assets in their possession.

U.     On August 21, 2023, the Court entered a Temporary Restraining Order and Order to Show Cause (Docket No. 16) (the "TRO") which granted Carbonella's motion for a temporary restraining order and, *inter alia*, prevented the transfer of PACA trust assets by Liberatore and directed Liberatore to produce certain financial records to Carbonella's attorney.

V.      On August 30, 2023, Carbonella and Katzman filed a first amended complaint adding Katzman as a plaintiff and Dugay as a defendant.  At the same time, Plaintiffs filed an amended motion for preliminary injunction (Docket No. 20) seeking to include Katzman's unpaid PACA trust claims as part of any injunctive relief granted by the Court.

W.      On August 31, 2023, the Court, *sua sponte*, extended the TRO for good cause shown.

X.      On September 13, 2023, the Court entered an Extension and Modification of Temporary Restraining Order and Order to Show Cause (Docket No. 38) (the "Modified TRO"), which increased the amount of assets restrained to reflect Katzman's PACA trust claim and extended the restraint on the Liberatore Defendants' ability to transfer assets until October 13, 2023. The Modified TRO scheduled a hearing on Plaintiffs' amended motion for preliminary injunction for October 12, 2023 (the "Hearing").

Y.      Carmine Liberatore and Dugay have provided separate financial disclosures ("Financial Disclosures") and Liberatore has provided financial records specified in the TRO and Modified TRO (collectively, the "Liberatore Financial Records").  Defendants have also made themselves available to address any follow-up inquiries with respect to the Financial Disclosures and Liberatore Financial Records.

## STIPULATION

Now, therefore, in consideration of the mutual covenants, undertakings and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows (the "Stipulation"):

1.      The preceding recitals are incorporated herein and form a material part of this Stipulation.  The Parties acknowledge the truth and accuracy of the recitals in all respects.

2.      Defendants appear in this action, admit service of the summonses, complaint and first amended complaint, and consent to the jurisdiction of the Court for all purposes.

3.      The PACA trust *res* as described in the recitals is based on the Parties' review of the Liberatore Financial Records.  Nothing herein shall be interpreted, or is intended, to limit the scope of the PACA Trust Assets, it being expressly understood and agreed that additional facts or evidence may emerge to establish that additional assets or monies exist which are subject to the PACA trust and, except as expressly set forth herein, the PACA Creditors reserve all rights regarding the scope or extent of the PACA Trust Assets, including whether additional assets or monies are part of the PACA trust *res* as well as all rights to pursue third parties in possession of PACA trust assets belonging to PACA Creditors.

### A.      Consent Injunction

4.      Plaintiffs' amended motion for preliminary injunction (Docket No. 20) is deemed granted as follows:.

a.      Defendants, Liberatore's customers, agents, officers, subsidiaries, assigns, banking institutions and/or related entities shall not alienate, dissipate, pay over or assign any assets of Liberatore, its subsidiaries or related companies except as expressly set forth herein, by subsequent court order, or by written agreement of the Parties.  This injunction expressly applies to Webster Bank and all funds in the Webster Accounts.

b.      In light of the uncontested matter of this dispute, and the fact that the Liberatore Defendants are currently in possession of trust assets belonging to Plaintiffs and other PACA Creditors, Plaintiffs shall not be required to post any security in connection with the entry of this preliminary injunction.

c.      The Parties waive the requirements of Fed. R. Civ. P. 65(d) in their entirety

and Defendants, on their own behalf and on behalf of Liberatore's officers, agents,

servants, employees, attorneys and other persons who are in active concert or participation

with them, acknowledge having actual notice of the terms of this Consent Injunction. The

Liberatore Defendants shall, upon entry of this Stipulation, deliver actual notice to any

individual or entity who the Liberatore Defendants reasonably believe is in possession of

any PACA Trust Asset or any other monies or assets that are part of the PACA trust *res*.

### B.      Creation of PACA Trust Account

5.      The firm of McCarron & Diess, co-counsel for Plaintiffs ("Plaintiffs' Counsel"), is

hereby authorized and directed to, within ten business days of the date of this Order, open an

account at any insured and nationally chartered financial institution, with such account to be

opened under the account name of "Liberatore PACA Trust Account," designated solely for the

receipt and distribution of PACA trust funds recovered in this action (the "PACA Trust Account").

All funds received by Plaintiffs' Counsel that are subject to the PACA trust, or are derived from

the sale of PACA Trust Assets, shall be deposited exclusively into the PACA Trust Account.

6.      No distributions or withdrawals may be made from the PACA Trust Account,

except as authorized in this Stipulation, by further Order of this Court, or by agreement in writing

between Plaintiffs' Counsel and Defendants' counsel (collectively, "Notice Counsel").

7.      The PACA Trust Account is not subject to execution by any other creditor of

Defendants.

8.      Plaintiff's Counsel shall have no responsibility or obligation to any person or entity

with respect to the PACA Trust Account, or the tasks to be performed hereunder, other than to

comply in good faith with the terms of this Stipulation and other orders of this Court. Plaintiff's

Counsel may rely upon and shall be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Liberatore's Financial Records and Carmine Liberatore and Dugay's Financial Disclosures) reasonably believed to be genuine and to have been signed or presented by the proper party or parties, or their counsel. Plaintiff's Counsel shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document. Plaintiff's Counsel shall not be liable for any mistake of fact or error of judgment or for any act done or omitted in good faith as required or permitted by this Stipulation or other orders of this Court. Plaintiff's Counsel shall be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

C.      Collection of PACA Trust Assets

9.      Plaintiffs' Counsel is hereby authorized and directed to, subject to the terms of this Stipulation, collect and hold any and all PACA Trust Assets, or proceeds from the sale of PACA Trust Assets, in the PACA Trust Account.

10.      Defendants, and Liberatore's current and former officers, directors, employees and agents shall promptly, fully and reasonably cooperate with Plaintiffs' Counsel, and such parties are prohibited from interfering with the powers or duties of Plaintiffs' Counsel to effectuate the terms of this Stipulation. This reasonable cooperation and assistance shall include, but not be limited to: (a) providing information requested in connection with the exercise of their authority and the discharging of their responsibilities under this Stipulation; (b) providing any authorizations, access codes, keys, passwords or similar items required to access any computer, document or data, whether electronic or physical; and (c) cooperating with any efforts to advise all persons who owe money to Liberatore that all debts should be paid, as applicable, directly to Plaintiff's Counsel (for deposit into the PACA Trust Account). Liberatore and its current and

former officers, directors, employees and agents are further prohibited from directing anyone to interfere, in any way, with the efforts of Plaintiff's Counsel in their carrying out the provisions of this Stipulation.

11.     Within three business days of the date of entry of this Stipulation by the Court, the Liberatore Defendants shall deposit all Payments in its possession into the Webster Account that is used by Liberatore as its operating account.

12.     Within ten business days of the date of entry of this Stipulation by the Court, any and all funds belonging to Liberatore, its subsidiaries or related companies, whether on deposit in the Webster Accounts or in the possession of third parties, shall be immediately delivered to Plaintiffs' Counsel for deposit into the PACA Trust Account.  The obligation to turn over such funds to Plaintiffs' Counsel is a continuing obligation such that, for example, any funds that clear into the Webster Accounts after the initial distribution contemplated herein shall also be delivered to Plaintiffs' Counsel upon demand.

13.     Liberatore Defendants are hereby authorized and directed to sell the Vehicles, the Volvo, as well as any other vehicles, furniture, fixtures and equipment (the "FF&E") belonging to Liberatore and remit the proceeds from their sale to Plaintiffs' Counsel for deposit into the PACA Trust Account.  All such sales shall be: (a) conducted on no less than five business days' prior written notice (the "Objection Period") to Plaintiffs' Counsel; and (b) for an amount not less than the fair market value of the asset sold unless otherwise agreed to in writing by Plaintiffs' Counsel. So long as the foregoing conditions are satisfied, and Plaintiffs' Counsel has not moved this Court within the Objection Period to prevent any such sale, Defendants shall be entitled to transfer title to the Vehicles and FF&E free and clear of all liens, claims and encumbrances without further order of this Court.

14.     Plaintiffs' Counsel is hereby authorized and directed to collect Liberatore's Receivables and deposit any funds recovered into the PACA Trust Account. Notwithstanding the foregoing, to the extent Liberatore has commenced an action against Granny's Place/Seldomridge to recover the sum of approximately $82,000.00 for Produce delivered by Liberatore to Granny's Place, any recovery made in that action, less reasonable attorneys' fees and expenses incurred in connection with those collection efforts (if any), shall be turned over to Plaintiffs' Counsel for deposit into the PACA Trust Account.

D.     Distributions from PACA Trust Account

15.     The Parties acknowledge that there is insufficient cash or other assets from non-PACA trust sources, to the extent such non-PACA trust assets are determined to exist, to finance either the administration or preservation of the PACA trust *res* or the marshalling and collection of Liberatore's assets for deposit into the PACA Trust Account as contemplated herein. Therefore, the Parties agree that it is necessary and desirable that PACA Trust Assets be used for the administration, liquidation and collection of Liberatore's assets, if necessary. Plaintiffs acknowledge that their interests, and those of the PACA Creditors, are best served if some expenditures from the PACA trust *res* be used for marshalling and maximizing PACA Trust Assets, whether in the form of legal fees and expenses, insurance premiums or other expenses necessary to preserve PACA Trust Assets for the benefit of the PACA Creditors.

16.     In the event Defendants' or Plaintiffs' Counsel believes any fees or expenses, other than legal fees and expenses (which shall be distributed according to the procedure set for in the remainder of this Section D), are necessary to preserve the PACA trust *res*, the Parties shall confer to determine whether there is an agreement regarding payment of the fee or expense. In the event

the Parties are in agreement to the expenditure, Plaintiffs' Counsel is authorized to pay the fee or expense out of the PACA Trust Account without further order of the Court.

17.    Following collection of the PACA Trust Assets, Plaintiff's Counsel shall distribute all funds in the PACA Trust Account as follows: (a) first, in satisfaction of the legal fees, expenses and costs incurred by Plaintiffs in connection with the filing and litigation of this action and all efforts to collect and liquidate the PACA Trust Assets for the benefit of the PACA Creditors, and (b) second, to the PACA Creditors on a *pro rata* basis according to the following ratios:

| PACA Creditor | Pro Rata |
|---|---|
| Carbonella | 0.2165 |
| Katzman | 0.4341 |
| Northeast | 0.0445 |
| Molinelli | 0.2637 |
| Shulman | 0.0412 |
| | 1 |

18.    Plaintiffs' Counsel shall file a motion with this Court prior to distributing any funds from the PACA Trust Account (each, a "Distribution Motion"). Fourteen days' prior written notice of any intended distribution shall be given to Notice Counsel and each of the non-party PACA Creditors. Sufficient notice shall be deemed given if the Distribution Motion is filed with the Court via ECF and copies of the motion papers are emailed to the PACA Creditors at the following addresses:

| PACA Creditor | Contact Name | Email Address |
|---|---|---|
| Northeast | Joe Ruffini | joe.r@northeastproduce.com |
| Molinelli | Lisa Molinelli | lisa@johnmolinelli.com |
| Shulman | Howard Rabin | howard@howardrabinlaw.com |

In the event no objection to a Distribution Motion is filed with the Court before the expiration of the fourteen-day period, Plaintiffs' Counsel shall be free to disburse the funds specified in the

Distribution Motion without further order of the Court on the fifteenth day following the date notice

of the Distribution Motion is given.  In the event an objection to a Distribution Motion is filed with

the Court, Plaintiffs' Counsel shall maintain the funds in the PACA Trust Account pending further

order of this Court.

E.       Dismissal of Plaintiffs' Claims Against the Individual Defendants Without Prejudice

19.       Plaintiffs' claims against the Individual Defendants are hereby dismissed in their

entirety and without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), subject to the

following limitation: In the event Plaintiffs discover that either of the Individual Defendants

knowingly and materially provided materially false information in any portion of their respective

Financial Disclosures, or in the event either Individual Defendant fails to comply with their

obligations under this Stipulation or otherwise proceed in bad faith in connection with Plaintiffs'

Counsel's efforts to collect the PACA Trust Assets, Plaintiffs shall be entitled to reopen this

action for the purpose of pursuing the entry of a judgment against that Individual Defendant.

Should no such event occur, the Individual Defendants shall be deemed absolved of liability

under this Stipulation.

20.       Notwithstanding the foregoing, the Individual Defendants expressly consent to the

jurisdiction of this Court for all purposes.

F.       Status Reports

21.       Not less than sixty days from the date of the entry of this Stipulation, Plaintiffs'

Counsel shall file a status report with the Court detailing the status of the liquidation and

recovery of PACA Trust Assets and the amount of funds being held in the PACA Trust Account.

Additional status reports shall be filed by Plaintiffs' Counsel every sixty days thereafter until

such time as all funds in the PACA Trust Account have been disbursed or further order of this

Court.

## G.    General Provisions

22.    Without altering or limiting any other provision of this Stipulation, Plaintiffs (and their counsel) and Defendants (and their counsel) shall each: (a) reasonably cooperate with the other in good faith, and (b) timely execute and deliver such documents and other things each as may be necessary to effectuate the provisions of this Stipulation.

23.    No delay or failure by either Party to exercise any right under this Stipulation, and no partial or single exercise of any right, shall constitute a waiver of that or any other right, unless stated otherwise in writing.

24.    This Stipulation may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in counterparts, and collectively all signed counterparts represent one agreement.  Facsimile or electronic signatures shall be deemed originals for all purposes.

25.    The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation with their respective attorneys and having availed themselves of that opportunity to the extent they desired to do so.

26.    The Hearing scheduled for October 12, 2023 is cancelled.

27.    The Court shall retain jurisdiction over this action and the Parties during the pendency of the application of this Stipulation in order to enforce the terms and conditions hereof. All dates and deadlines imposed by operation of the Federal Rules of Civil Procedure or prior orders of this Court are adjourned *sine die*.

28.     This Stipulation constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives and granted by the Court.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

Dated this 4 day of October, 2023.

| | |
|---|---|
| **CARBONELLA & DESARBO INC. and S. KATZMAN PRODUCE INC.** | **C LIBERATORE LLC, CARMINE L. LIBERATORE, JR. and CORTNEY M. DUGAY** |

By: _____            By: _____

Kevin M. Smith (ct24774)                     James T. Shearin (ct01326)
WIGGIN AND DANA LLP                          PULLMAN & COMLEY LLC
One Century Tower                            850 Main Street
P.O. Box 1832                                Bridgeport, CT 06601
New Haven CT 06508-1832                      Tel. (203) 330-2240
Tel. (203) 498-4400                          jtshearin@pullcom.com
Fax (203)782-2889
ksmith@wiggin.com                            *Attorneys for Defendants*

- and -

Gregory Brown (*pro hac vice*)
MCCARRON & DIESS
200 Broadhollow Road, Suite 207
Melville, New York 11747
Tel: (631) 425-8110
gbrown@mccarronlaw.com

*Attorneys for Plaintiffs*

**So ordered.**

Dated at Bridgeport, Connecticut, this 6th day of October, 2023

/s/ STEFAN R. UNDERHILL
_____
Stefan R. Underhill
United States District Judge